McClelland v. James.

33  571
79  195

1. Contract: AMBIGUITY: PAROL EVIDENCE. Parol evidence cannot be received to explain a patent ambiguity in a written contract.

2. —— While the circumstances under which the contract was made, may be shown, for the purpose of arriving at the intention of the parties, when such intention does not clearly appear on the face of the instrument, such intention cannot be enforced unless consistent with the language used.

3. —— Nor can the intention be ascertained except in cases of latent ambiguity, by proof of anterior, contemporaneous or subsequent declarations or conversations.

*Appeal from Washington Circuit Court.*

WEDNESDAY, MARCH 27.

PLAINTIFF filed a petition as follows:

" I. Count. Defendant is indebted to him in the sum of $1,700, for that plaintiff and defendant and one Daniel Mickey contracted as follows:

" AINSWORTH, Iowa, *July* 27, 1869.

" J. S. McClelland agrees to sell and deliver to Daniel Mickey one thousand bushels of No. 2 wheat, to weigh not less than 56 lbs. in the grain tester, at one dollar and thirty-five cents per bushel, and to be delivered in the month of January next, seller's option. I, Daniel Mickey, for and in consideration of the above agreement, agree to take the thousand bushels of wheat, and pay $1.35 per bushel, upon delivery of the same. In testimony whereof, we have hereunto set our hands the day and date above written.

" J. S. McCLELLAND,
" DANIEL MICKEY."

I, J. W. James, agree to take a half interest in Daniel Mickey's contract of the above article, July 27, 1869.

J. W. JAMES.

Plaintiff alleges that he complied with the contract on his part; that he elected to deliver the wheat so agreed to be delivered, January 19, 1870, and so notified defendant, and offered and tendered to defendant 500 bushels of the kind and quality aforesaid. Defendant refused to receive and pay for the same, to plaintiff's damage, in the sum of $700.

II. Count. That, at the date of said written contract, it was agreed, between plaintiff, defendant and the said Daniel Mickey, that plaintiff should sell 1,000 bushels of wheat of the kind and quality described in the said contract, 500 bushels to each of said parties, at the price and terms specified in said contract, and defendant agreed to receive and pay for the 500 bushels the price specified in the written contract aforesaid. The parties then procured a scrivener to prepare a written contract for them, but when prepared they found it to be as in the contract copied herein; that, to make the same conform to the agreement between the parties, the part was added, signed by the defendant; that, with the said addition, it was understood and agreed by all parties that plaintiff should deliver to the said Mickey one-half the wheat mentioned in the said original contract, and to defendant the other one-half, and that the defendant and Mickey were to pay for the same the price fixed in said contract.

Plaintiff alleges that he elected to deliver the wheat to defendant, 500 bushels, January 19, 1870, and tendered the same at the place specified in the said contract.

III. Count. That September 15, 1869, one Daniel Mickey assigned said contract in writing, as follows:

"AINSWORTH, IOWA, 15 *Sept.* 1869.

"For value received, I hereby sell, assign, transfer and set over to J. S. McClelland, all my right, title and interest in a certain contract in writing, made and entered into on the 27th day of July, 1869, and being, as it appears, originally on its face, made by and between the said J. S.

McClelland and myself, and for the sale, by him to me, of 1,000 bushels of number two spring wheat, $1.35 per bushel, but being supplemented as memorandum, signed by J. W. James, by which he agrees to take one-half of said wheat.

"DANIEL MICKEY."

Plaintiff alleges that January 19, 1870, he had on hand 500 bushels of wheat, of the kind and quality described in the said contract, and then, and in accordance with the said contract, elected to deliver the same, and at the time and place agreed upon, offered and tendered the said wheat. Defendant refused to receive the same.

IV. Count. Plaintiff alleges that, after the execution of the original contract copied in this petition, the defendant contracted with your petitioner, to take a one-half interest in the said contract, and, as evidence of agreement, indorsed upon the said original contract his written agreement, as set out in connection with the original contract. And the said Daniel Mickey and your petitioner did, at the same time, agree with each other, and with defendant, that he should have a one-half interest in said contract, and plaintiff agreed, by parol, with defendant, to deliver to him one-half the amount originally agreed to be delivered to Daniel Mickey, upon the same terms and conditions stated in the contract with Mickey, and it was then agreed and understood between the said defendant Mickey and petitioner, that Mickey should receive one-half the wheat described in the said contract, and defendant the other one-half. That plaintiff, in order to comply with the said contract and agreement with defendant, went into the market and bought wheat of the kind and quality described in said agreement, the said wheat, at the time, not being owned by petitioner, that he expended money in the purchase thereof, and did tender the amount agreed upon. (Concluding as in former counts.)

V. Count. Plaintiff alleges that after the execution of the contract of which exhibit was before made, the said

defendant contracted and agreed with the said Daniel Mickey, to take a half-interest in his said contract, which contract was in writing, written upon the original contract, as upon the exhibit attached thereto. That defendant refused to comply with his said contract to take a half-interest therein. That plaintiff tendered the wheat in accordance with the said contract, but defendant refused to receive any portion of the same and to pay therefor. That, in consequence of such failure and refusal, the said Mickey was greatly damaged, viz.: $700. That Mickey assigned to petitioner his interest in said contract, by his assignment, copied in the third count. Wherefor, plaintiff claims to be entitled to recover of the defendant the said $700.

To these counts in the petition various causes of demurrer were assigned, the principal being as follows:

" 1. The contract is between Mickey and plaintiff, and in no manner a contract between plaintiff and defendant.

" 2. In that contract plaintiff does not agree to deliver wheat to defendant, hence no mutuality.

" 3. A tender of 500 bushels is alleged, while the contract is for 1,000.

" 4. The contract was for 1,000 bushels to be delivered to Mickey, while it is alleged five hundred only were tendered to defendant. Plaintiff does not agree to deliver wheat to defendant, nor does defendant agree to take any from him.

" 5. The addition is not a contract with plaintiff, and he nowhere places himself under any obligations to James.

" 6. The assignment conveys only Mickey's interest in the contract, and it is nowhere shown that Mickey had any cause of action against defendant.

" 7. A written contract is alleged and then a parol agreement made at the same time, and, a part of the written agreement, different and inconsistent with it.

" 8. The allegations are as to how the parties understood

the written contract, and attempts to make that understanding differ from the terms of the contract.

" 9. The memorandum shows the contract on the part of McClellan to be a one-half interest, but the allegations are for five hundred bushels.

" 10. Each count seeks to add to and enlarge the written contract.

" 11. The contract of defendant is not with plaintiff, and if with Mickey it would make him and defendant partners, and no action at law could be had between Mickey and his assignee until an accounting was had and partnership settled up."

This demurrer was sustained. Plaintiff appeals and assigns as error the sustaining of the demurrer.

*H. W. Scofield* and *Patterson & Rheinhart* for the appellant.

I. Parol evidence is receivable to explain a written contract where the language used is ambiguous or uncertain. *Foley* v. *McKeegan*, 4 Iowa, 1, and cases cited; *McCraney* v. *Griffith*, 13 id. 313; *Fiele* v. *Schricher*, 14 id. 122; *Forey* v. *Otis*, 11 Mich. 217, 218; *Perkins* v. *Lyman*, 11 Mass. 76.

II. Parol evidence should be received to explain this contract. The language is ambiguous, doubtful and uncertain. *Parsons* v. *Thorpe*, 3 Johns. 68; *Blossom* v. *Griffin*, 13 N. Y. 573–576; *Agawam Bank* v. *Strever*, 18 id. 508; *Martin* v. *Cope*, 28 id. 180; *Griffith* v. *Hardenberg*, 41 id. 468, 469; *McNulty* v. *Prentice*, 25 Barb. 204.

III. If we are not permitted to explain the written contract we still have a cause of action on the contract itself, as alleged in the first count.

The supplement was a contract with plaintiff. *Van Haven* v. *Crain*, 1 Page, 445; *Hillis* v. *Miller*, 3 id. 303;

*Union Bank* v. *Castor*, 3 Com. 303; *Logan* v. *Tibbott*, 4 G. Greene, 389.

The contract is not wanting in mutuality. *Goodpaster* v. *Porter*, 11 Iowa, 161.

If it is a joint contract, plaintiff could sue one or both. The tender to one was a tender to both. Rev., § 2764.

IV. If it is held that the contract was entire, and for 1,000 bushels, the tender of 500 bushels would be good unless objected to. Rev., § 1818. If he did object, he should plead it in his answer, not demur. Rev., § 2942.

V. If defendant's contract was with Mickey, then Mickey's assignment and plaintiff's tender, as alleged in third count, constitutes a cause of action.

VI. The fourth count alleges that only a part of the contract with defendant was reduced to writing and states the portion which was by parol. 2 Pars. on Cont. 65.

VII. In the last count plaintiff alleges he made the tender as agreed in the contract. If 1,000 bushels should have been tendered, then impliedly he alleges, that he tendered that amount.

*McJunkins & Henderson* for the appellee.

DAY, J. — It will be more conducive of brevity and clearness to discuss in their logical order the legal propositions raised by the demurrer and urged in the arguments, than to consider the points of the demurrer *seriatim*.

I. *As to the admissibility of parol evidence to explain the contract.* Appellant insists that such evidence is admissible because of the *ambiguity* of the contract. He urges that "it will be found difficult, without calling in parol evidence, to answer the following questions: With whom does defendant contract, with Mickey or plaintiff? How is defendant's one-half interest, that he agrees to take, to be determined? Does he intend to take one-half of the wheat or to share in the profit and loss of the venture? Was Mickey or plaintiff, either or both of them,

a party or parties to the promise of defendant? Did they or either of them agree that he should have a half interest in Mickey's contract?

This argument is a *felo de se.* It concedes, what we think must be admitted, that, if there is any ambiguity in the contract, it is a patent one. Such an ambiguity can never be removed by parol evidence. See 1 Greenl. on Ev., § 297; 2 Pars. on Cont. (5th ed.), p. 557; *Jackson* v. *Sill,* 11 Johns. 201.

It is true that the circumstances under which a contract is made may be developed for the purpose of arriving at the intention of the parties, when such intention does not clearly appear on the face of the instrument. But the intention of the parties cannot be enforced, unless consistent with the language used. And the intention cannot be ascertained, except in case of latent ambiguity, by bringing forward proof of declarations or conversations, which took place at the time the instrument was made, or before or after. 2 Pars. on Cont. (5th ed.), p. 564, note *b.*

This is what we understand the appellant to claim he is entitled to do. The petition alleges that it was understood and agreed by all parties that plaintiff should deliver to Mickey one-half of the wheat, and to defendant the other half. He claims that this understanding and agreement should be shown for the purpose of arriving at the proper construction of the agreement. It is not claimed that there was any thing in the circumstances or surroundings of the parties which would afford any aid in determining the meaning of the language employed. To the counts, alleging the understanding of the parties, the demurrer was properly sustained.

II. *As to the admissibility of the parol agreement made at the time of executing the written contract.* The petition alleges that the said Daniel Mickey and petitioner did, at the time said contract was executed, agree with each other and with defendant that he should have a one-

McClelland v. James.

half interest in said contract, and plaintiff agreed, by parol with defendant, to deliver to him one-half the amount originally agreed to be delivered to Daniel Mickey, and it was then agreed and understood between the said defendant Mickey and petitioner, that Mickey should receive one-half the wheat in said contract, and defendant the other one-half.

This averment adds to, varies, or contradicts the terms of the written agreement, or it does not. If it does not contradict, vary, or add to the written contract, it is wholly immaterial, and the sustaining of the demurrer to it worked no substantial prejudice to appellant. If it does vary or contradict the terms of the agreement, it cannot be proved, and the demurrer to it was properly sustained. Parol contemporaneous evidence is inadmissible to vary or contradict the terms of a valid, written instrument. 1 Greenl., § 275; 2 Pars. on Cont. (5th ed.), 548, and cases cited.

III. *As to the construction of the contract, and the rights of the parties thereunder.* The portion of the contract requiring construction is as as follows:

" I, J. W. James, agree to take a half-interest in Daniel Mickey's contract of the above article."

Appellee claims that this constituted James and Mickey partners in the venture of buying 1,000 bushels of wheat. It seems to us that they are to be treated as joint owners of the wheat, James being bound to take one-half of the wheat, and to pay therefor the original contract price. It may be conceded that James and Mickey could not thus divide the contract, and impose upon McClelland the duty of delivering 500 bushels to each of them, and make him liable in separate actions to each for a failure. And, as the obligation of a contract must be mutual, it may be that McClelland could not tender 500 bushels to one of the parties and recover of him damages for a refusal to accept.

But it is alleged in the petition, that Daniel Mickey, having agreed to let James have a half-interest in the contract, assigned his remaining interest to the plaintiff McClelland. The plaintiff, thus becoming possessed of Mickey's interest in the contract, is released from his obligation to furnish Mickey any grain. But he takes Mickey's contract, subject to Mickey's agreement, to let James have 500 bushels of wheat.

This condition he is under obligation to perform, and upon failure to do so would be liable in damages at the suit of James. If he is thus liable upon the contract, he may enforce it.

It is competent for him, therefore, to tender the 500 bushels of wheat to James, and, upon his refusing to accept, to maintain an action for the damages occasioned.

Upon the counts of the petition, alleging an assignment of Mickey's contract to McClelland, and the tender to James, the plaintiff was entitled to recover, and the demurrer thereto was improperly sustained.

Reversed.