## People of the State of Illinois v. Fritz Griesbach.

### Gen. No. 12,549.

1. PAROL EVIDENCE—*incompetent to change the legal effect of an application for dram-shop license.* Parol evidence is incompetent to change the legal effect of an application for a dram-shop license signed by an abutting property owner.

2. RES JUDICATA—*of what judgment is.* The judgment of the Supreme Court is *res judicata* as to all of the questions involved, whether presented or not.

People v. Griesbach.

*Quo warranto* proceeding. Error to the Circuit Court of Cook County; the Hon. Lockwood Honore, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded with directions. Opinion filed June 26, 1906.

**Statement by the Court.** This is a writ of error to the Circuit Court bringing before this court for review a judgment in a proceeding upon an information in the nature of *quo warranto* filed, by leave of the court, by the state's attorney of Cook county against the defendant in error, Fritz Griesbach, to test the validity of a license issued to him March 4, 1903, by the mayor of Chicago, to keep a dram-shop at 5014 Cottage Grove avenue from January 12, 1903, to May 1, 1903. The cause was submitted for trial to the court without a jury and the court entered judgment in favor of the respondent. Upon appeal from a former judgment in the case to this court that judgment was here affirmed, People v. Griesbach, 112 Ill. App. 192; but upon further appeal to the Supreme Court the judgments were reversed and the cause was remanded to the Circuit Court "for such other and further proceedings as to law and justice shall appertain." People v. Griesbach, 211 Ill. 35. The essential facts in the case are set forth in the opinion of the Supreme Court, and need not be repeated here.

Upon the cause being redocketed in the Circuit Court, the defendant on leave of court filed two additional pleas. Demurrers were sustained to these pleas. The cause was retried on the original pleadings, presenting the same issues which were before the Supreme Court.

It is conceded by both parties that the controversy relates to the validity of the signatures of the owners of two pieces of property, known respectively as the Nottbohm property having a frontage of 214.34 feet, and the Kenny property with a frontage of 273.76 feet. It is also conceded by the defendant in error in his brief that if the signature for either of these properties in the application for license is invalid, there should be a judgment of ouster against him, because both properties are necessary to give him the frontage required by the ordinance.

JOHN J. HEALY, State's Attorney, for plaintiff in error; CHURCH, McMURDY & SHERMAN, of counsel.

NICHOLAS MICHELS and WOOD, FYFFE & ADCOCK, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Upon the trial resulting in the judgment now before us testimony was received by the court, over the objections of plaintiff in error, to the effect that Charles Nottbohm, the minor, signed the application for a license by direction of his mother and guardian Mathilda Nottbohm; and that Mrs. Nottbohm intended by her signature "Mathilda Nottbohm" to sign as guardian for her son. And in that connection an order of the Probate Court of Cook County made July 23, 1902, upon the petition of Mathilda Nottbohm filed July 19, 1902, allowing the guardian to exercise her discretion upon the question of signing or ratifying her signature "heretofore given on any petition or petitions for the granting of saloon licenses," etc., was offered by defendant in error and received by the court.

It is too clear to be argued at any length that it was not competent to offer parol evidence for the purpose of changing the legal effect of Mrs. Nottbohm's signature as it appeared on the face of the application. Parol evidence for that purpose is never competent. Gordon v. Gordon, 1st Metc. (Ky.) 285; The Delaware, 14 Wallace, 579; McClelland v. James, 33 Ia. 571; Mott v. Richtmyer, 57 N. Y. 59; Wood v. Goodbridge, 6 Cush. 117; Hypes v. Griffin, 89 Ill. 134. It was error to admit the evidence.

But aside from the rules of evidence, all questions regarding the legal effect of the signatures in question were *res judicata*. The People v. Griesbach, 211 Ill. 35. All questions open to consideration and which could have been presented affecting in any way the legal effect of the signatures in question, whether presented or not, were there settled. Lusk v. The City of Chicago, 211 Ill. 183; C. & E. I. R. R. Co. v. The People, 219 id. 408. The question

was not open to further controversy, and should not have been retried by the court.

The effect of the decision of the Supreme Court in this case is necessarily to eliminate the Nottbohm property from the frontage represented in the application. This makes it unnecessary to discuss the other points made in argument. "The application was therefore fatally insufficient to warrant the issuance of the license to appellee. The license, therefore, did not confer on appellee the right to keep the dram-shop in question and the court erred in denying the prayer of the petition." The People v. Griesbach, *supra.*

The judgment of the Circuit Court is reversed and the cause is remanded with directions to enter a judgment of ouster.

*Reversed and remanded with directions.*