SCHLISMAN, ASSIGNEE, v. WEBBER ET AL.

1. **Practice in Supreme Court:** QUESTION NOT RAISED BELOW. Questions which appellant might have had determined in the court below, but which he failed there to present, cannot for the first time be raised in this court.

2. **Justice's Court:** JURISDICTION: MORE THAN $100: CONSENT: RECORD: EVIDENCE. A judgment rendered by a justice of the peace for more than $100 is valid, provided the parties, as a matter of fact, have consented to his jurisdiction in the case, notwithstanding he fails to make such consent a matter of record. Compare *Bridges v. Arnold*, 37 Iowa, 221.

*Appeal from Carroll Circuit Court.*

FRIDAY, OCTOBER 24.

THIS is an appeal from an order of the circuit court sus-

taining a motion to set aside a sale on execution of certain real estate. The facts of the case are stated in the opinion.

*George W. Paine*, for appellant.

*Bowen & Cloud*, for appellee.

Reed, J.—A judgment was rendered by a justice of the peace in favor of D. Wayne & Co., and against F. Webber, N. Webber, and A. Schlisman, for $148.60. The action in which said judgment was rendered was on a promissory note, executed by the defendants, F. Webber and N. Webber. Defendant, Schlisman, was liable as an indorser of said note. All the defendants were served with notice of the pendency of said suit. Schlisman appeared and defended against the claim, but the Webbers made default. It is not shown, by any record made by the justice, that there was any consent by the parties that he should take jurisdiction of the case. A transcript of the judgment was filed in the office of the clerk of the circuit court, and execution was issued thereon, and the property in question was sold on said execution. When the transcript was filed in the clerk's office, the property belonged to the defendant, F. Webber, but before the execution sale he sold and conveyed it to Frank Kullenberg, who had no actual notice of the existence of the judgment when he bought. The judgment, in the mean time, had been assigned by Wayne & Co. to Schlisman, and he was the purchaser at the sheriff's sale. After the execution sale, Kullenberg filed his motion to set said sale aside on the following grounds: "(1) That the applicant is an innocent purchaser of said property, and that he had no notice of the pretended claim which plaintiff alleges to have against said property, and, as against him, the judgment is no lien on the property; (2) That, although said judgment was filed in the judgment docket at the time he purchased the premises, yet it did not convey notice to him of the outstanding lien, for the reason that it does not show that the court which

rendered the judgment had jurisdiction of the subject-matter of the action on which it is based; (3) That all proceedings under the judgment are void, for the reason that the transcript of the docket of the justice of the peace does not show that said justice had jurisdiction to an amount in excess of one hundred dollars, or to the amount of the judg-! ment." On the hearing of the motion, the affidavit of Schlisman was introduced in evidence, by which it was shown that the note sued on in the action in which the judgment was rendered contained a provision by which the makers consented that any justice of the peace might render judgment thereon, notwithstanding the amount exceeded $100.

I.    It is contended by appellee that the assignment of the judgment by Wayne & Co. to Schlisman, one of the parties against whom it is rendered, operates, necessarily, to extinguish it, and that, for this reason, the sale of the property on the execution issued after such assignment is void. We think, however, that this question is not raised by any assignment of the motion, and we are satisfied that it was neither presented in the argument of the motion in the circuit court, nor considered by the court in determining it. Appellee is therefore not entitled to have the question considered here.

II.    The question which is raised by the motion, and which was passed upon by the circuit court, is whether the judgment and the subsequent proceedings thereunder, including the sale of the property, are void by reason of the failure of the record to show that the consent of the parties was given that the justice might take jurisdiction of the case; or, in other words, whether the failure of the justice to embody in his record a statement of the facts on which his jurisdiction depends, has the effect to render his judgment and the subsequent proceedings thereunder void.

The jurisdiction of justices of the peace is defined by section 3508 of the Code as follows:  " Within the prescribed limit, it extends to all civil actions, except cases by equitable

proceedings, when the amount in controversy does not exceed one hundred dollars; and by consent of parties it may be extended to any amount not exceeding three hundred dollars." Whether a justice has jurisdiction in a case involving more than $100 depends, then, on whether the parties have consented to the jurisdiction. It is the fact of consent which gives him jurisdiction, and, in our opinion, if this fact existed, his judgment would be valid, even though no record of the fact was made. Section 3515 prescribes the matters which the justice is required to embody in his record, and the fact of consent to the jurisdiction in cases in which it is essential to the validity of the proceedings is not included. As the statute has thus prescribed the record which the justice is required to make, it follows, we think, that a judgment, the record of which embodies the matters so required to be embraced in it, is at least *prima facie* valid. Under section 3669, the proceedings of courts of limited jurisdiction are presumed to be regular, except in regard to matters required to be made of record; and, as the consent of the parties to the jurisdiction is not required to be made a matter of record, the presumption is that such consent was communicated to the justice in some manner before he proceeded to take jurisdiction of the case. The view we take of the question is consistent with the holding in *Bridges v. Arnold*, 37 Iowa, 221, where it is held that the judgment of a justice of the peace is not rendered void by his failure to embody in the record the fact that a return of the notice had been made showing service in the defendant, although that is one of the facts which section 3515 requires to be stated in the record. It is said in that case that jurisdiction is given by the fact of service, and not by the entry of the return in the record. We think, therefore, that the circuit court erred in sustaining the motion to set aside the sheriff's sale, and the order is accordingly

REVERSED.