C. D. CARPENTER, Appellee, v. JAMES SCOTT et al., Appellants.

86  563
105  531
86  563
c127  233
86  563
137  235
137  236

1. **Attachment**: WRONGFUL LEVY: CONVERSION: EVIDENCE. In an action by an attachment defendant against a constable for damages on account of the wrongful seizure of an entire stock of tools and fixtures under a writ of attachment, held, that evidence on behalf of the plaintiff that the defendant took, at the time of the levy of the attachment, other goods than those described in his return of the writ, was competent.

2. **Practice in Supreme Court**: VERDICT: EVIDENCE. The verdict of a jury will not be disturbed upon appeal, upon the ground of not being supported by the evidence, where there is evidence tending to to support it.

3. **Attachment**: VOID WRIT: LIABILITY OF OFFICER. A writ of attachment issued by a justice of the peace, which is void because of the justice's want of jurisdiction of the subject-matter of the action wherein the writ issued, will not justify the acts of the officer serving the same, where said writ shows upon its face that the amount for which it issued is in excess of the ordinary jurisdiction of justices' courts.

4. **Instructions to Jury**: PARTICULARITY: APPEAL. A cause will not be reversed because the charge of the court to the jury was not as specific with reference to some of the questions at issue as it might have been, where the complaining party neglected to ask a more specific instruction.

*Appeal from Calhoun District Court.*—HON. J. P. CONNOR, Judge.

SATURDAY, OCTOBER 22, 1892.

ACTION in three counts to recover damages for an alleged willful, malicious, and unlawful taking, injuring, and conversion of a certain stock of jewelry, fixtures, safe, showcase, and jeweler's tools, kept by the plaintiff in his business as a jeweler in a certain storeroom, and for the wrongful taking and detention

of the possession of said room. The first count charges
that the defendants took possession of the storeroom
and contents, and detained the same, thereby prevent-
ing the plaintiff from pursuing his business as a jeweler.
The second count charges that the defendants took,
carried away, and retained the plaintiff's said stock of
jeweler's tools, appliances, and fixtures, and injured
the same. The third count charges the taking and
conversion of said tools, appliances, and fixtures,
"which were exempt to him as the head of the
family." The defendants answered, denying generally,
and the defendant Scott further answered that he, as
constable, levied upon, and took possession of, certain
articles, which he enumerates, in the plaintiff's stock
of jewelry, by virtue of a writ of attachment in his
hands, issued by S. N. Earle, a justice of the peace,
and that all his acts were by virtue of said writ. The
plaintiff replied, denying "the pretended writ of
attachment, upon the grounds that the same was
wholly void upon its face, and wholly void because
said justice, S. N. Earle, had no jurisdiction to issue
the same." The defendants, W. E. Townsend and
W. A. Townsend, further answered that about the
twenty-third day of December, 1889, they became the
owners of a certain chattel mortgage executed by the
plaintiff upon all of the property described in his
petition, and that under and by virtue of said mort-
gage they caused the property therein conveyed to be
seized, and took the same into their possession on or
about the twenty-fourth day of December, 1889. The
case was tried to a jury, and a verdict and judgment
were rendered for the plaintiff for two hundred and
ninety dollars. The defendants appeal.—*Affirmed.*

*J. M. Toliver* and *Rollins & Berry*, for appellants.

The duties of a constable are purely executive, he
has no judicial power whatever, and when a writ

which is fair upon its face comes into his hands for service, it is not a part of his duty to go back behind the writ, and ascertain and determine for himself whether or not the court issuing the writ had jurisdiction of the subject-matter. His duty consists only in executing and delivering the writ. The writ in this instance was fair upon its face; the court issuing the writ might have jurisdiction to issue the writ of attachment for that amount, and it was not the constable's duty, nor his privilege, to determine the jurisdiction of the court. Cooley on Torts, 466, and cases cited. The only authorities we are able to find bearing upon this point are those above cited, and it appears to us that inasmuch as the court might have had jurisdiction to issue this writ, it must be conclusively presumed in favor of the constable that he did in fact have such jurisdiction, even though in truth in the particular instance the court acted without jurisdiction.

*O. J. Jolley* and *McCrary & McCrary*, for appellee.

The court of a justice of the peace is a court of limited jurisdiction, and no presumption arises in its favor, especially when the writ of attachment recited on its face the sum of one hundred and fifty-three dollars in one claim, as shown by prayer in petition supporting said writ, and the law quoted by the appellants in their argument from Cooley on Torts is not applicable. The writ, therefore, is no justification. Cooley on Torts, 464.

GIVEN, J.—I. On the trial, the plaintiff introduced evidence to show that the defendant Scott took possession of other property of the plaintiffs than that enumerated in his return upon the attachment. At the close of the plaintiff's testimony the defendants moved to strike all the evidence of witnesses in regard

1. ATTACHMENT: wrongful levy: conversion: evidence.

to what property was seized under the attachment, for the reason that the return of the officer in evidence was the only competent evidence as to what was seized. The appellants first complained in argument of the overruling of this motion. While the ·return of the officer may be the only competent evidence as to what was seized under the writ, it is not conclusive upon the plaintiff that none other of his property was taken. His action is not for a wrongful taking of what was seized under the writ, but for a wrongful taking of his entire stock of tools and fixtures. There was no error in the ruling.

II. The appellants contend that the damages allowed are excessive. If the inquiry were restricted to actual damages, the position would

2. PRACTICE in supreme court: verdict: evidence.

seem to be well taken, but the appellee alleged exemplary damages, and introduced evidence tending to support the allegation. The appellants discuss the evidence at length, to show that it does not support the claim for exemplary damages. There being evidence tending to support it, it was a question for the jury, and, under the state of the evidence, there was no error in refusing to disturb their verdict upon that ground.

III. The writ of attachment under which the defendants seek to justify the taking of the property was issued at the suit of the defendants

3. ATTACHMENT: void writ: liability of officer.

Townsend by S. N. Earle, a justice of the peace, in an action brought against this plaintiff upon two promissory notes, each of which was for less than one hundred dollars, but together amounted to one hundred and fifty dollars. In each note it was provided that a justice of the peace should have jurisdiction to the amount of three hundred dollars. The writ of attachment shows that the action was to recover one hundred and fifty-three dollars, and commanded the officer "to attach the

goods and chattels, property and effects of the said defendant, wherever the same may be found in your county, or so much thereof as may be necessary to satisfy the above-stated indebtedness, together with interest and costs of suit.'' The appellants contend that the officer is fully protected from liability in the levy and seizure of goods under this writ, even though the court issuing the writ had no jurisdiction of the subject-matter, for the reason that under our statute the justice of the peace may have jurisdiction to the amount of three hundred dollars. They asked an instruction to that effect, which was refused, and the court instructed that the writ of attachment was void and of no effect, by reason of the court having no jurisdiction of the subject-matter of the case in which the attachment was issued, and that the same was no justification for the acts of the defendant Scott. The appellants claim the rule to be that, if the writ issues from competent authority, and with legal regularity, and so appears upon its face, the officer is justified for every action of his within the scope of its command; that it is no part of his duty to inquire beyond the face of the writ; and that his sole duty was to execute it according to its command. He cites, Cooley on Torts, 466. While such may be the rule as applied to writs issued within the usual and general jurisdiction of the authority issuing it, we think a different rule should apply in a case like this. The court of a justice of the peace is of limited jurisdiction, and no presumption exists in its favor. Ordinarily its jurisdiction is limited to one hundred dollars, and the right to exercise the larger jurisdiction is exceptional. The writ of attachment showed upon its face that it was for the sum of one hundred and fifty-three dollars debt, a sum in excess of the general jurisdiction conferred upon justices' courts. In Cooley on Torts, 464, it is said: ''When a court of general jurisdiction assumes author-

ity to act, there is a presumption of law that the authority exists, and the officer need not inquire further; but the inferior court must not only have authority in fact, but on the face of its records and of its process enough should appear to show it." Enough did not appear in the records and process in this instance to show that the court had jurisdiction. The action was upon two promissory notes aggregating one hundred and fifty-three dollars. A demurrer to the jurisdiction was interposed, and overruled by the justice, which demurrer, on appeal, was sustained by the district court. The writ having been issued by an inferior court, we think the officer was put upon inquiry as to its jurisdiction, and especially so when the writ showed upon its face that it was for an amount in excess of the ordinary jurisdiction of that court.

IV. The appellants complain of the seventh paragraph of the charge, wherein the court instructed

4. INSTRUCTIONS to jury: particularity: appeal.

"that the defendant Scott, in making a levy of the attachment on the plaintiff's stock of goods, was a trespasser, and, as long as he continued to hold them by virtue of the attachment, continued to be a trespasser, and the defendants would be liable for any damages resulting therefrom." After instructing that the defendants Townsend had a right to take the goods described in their mortgage, and were not trespassers in so doing, the jury were told as follows: "But as to the building or storeroom of the plaintiff, the defendants were trespassers, after having seized the stock of goods under the mortgage as well as before the seizure, unless you find from the evidence that the goods were removed as promptly as was prudent after their seizure." The attachment was levied on the twenty-third day of December, 1889, and the property was taken under the mortgage on the next day. The plaintiff's right to the possession of the storeroom was not levied

upon, nor was it included in the mortgage. The appellants complain of this seventh paragraph of the charge, contending that it allowed the jury to render a verdict against the defendant Scott for damages not occasioned by any act of his, and which were caused after he had been ousted from the possession of the goods by Alvin Hutchinson, who took them under the mortgage as agent for the defendants Townsend. Under the instruction the jury might find against all three of the defendants for taking and detaining the goods and storeroom under the void attachment, and against the defendants Townsend for failing to remove the goods as promptly as was prudent after their seizure under the mortgage. If the appellants desired a more specific instruction as to Scott's liability, it should have been asked.

Our conclusion upon the record before us is, that the judgment of the district court should be AFFIRMED.