C. B. CHESMORE, Appellant, v. JOHN BARKER.

**Damages:** BREACH OF CONTRACT. The measure of damages for breach of contract by the lessor of a farm to furnish hogs to be kept on the farm and go security for cows to be purchased by the lessee, to be paid for by the sale of milk, is not the profits to be derived from the stock, but the value of the stock above the cost thereof at the time that they would have been fully paid for under the agreement.

ATTACHMENT. The prevention of a sale of property by a wrongful attachment thereof, entitles the owner to recover a loss caused by a decline in the market while the property is detained under the attachment.

**Objec'ion Below:** JURISDICTION OF MAYOR'S COURT. Under Code, section 3508, which limits the jurisdictional amount in a justice's

court to one hundred dollars, but provides that by consent of parties it may be extended to three hundred dollars, such consent will be presumed on appeal, where the record does not show that any objection was made to the justice's jurisdiction.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, APRIL 9, 1897.

PLAINTIFF commenced this action before H. M. Sheldon, mayor of the town of Coggon, to recover seventy-seven dollars and fifty cents rent alleged to be due. An attachment was sued out, and certain corn, threshing machine, and other property of the defendant's taken and held thereunder. Defendant answered, denying that there was any rent due to the plaintiff, and setting up a counter-claim for damages for breach of contract, two hundred and fifty dollars, and for wrongfully suing out said attachment, for thirty dollars. Judgment was entered in favor of the defendant on the counter-claim for seventy-seven dollars and fifty cents, from which the plaintiff appealed to the district court. In the district court the plaintiff moved to strike said counter-claim, which motion was overruled, whereupon the case was tried to a jury, and a verdict and judgment rendered in favor of the defendant, from which plaintiff appealed to this court.—*Reversed.*

*Giffen & Voris* for appellant.

*Richard A. Stuart* for appellee.

GIVEN, J.—I. Plaintiff's motion to strike the counter-claim was upon the following grounds: "That this court acquires jurisdiction to hear and try this cause by appeal, and by appeal only, and has no original jurisdiction whatever; but must try and determine

said cause upon said appeal made from the issues made in the lower court on matters of which the lower court had jurisdiction, and upon none other; and it appears upon the face of said counter-claim that the same, and the prayer thereof, and the relief asked therein for the same, exceeded the jurisdiction of said justice of the peace, and was a matter of which the said justice had no jurisdiction whatever."

Code, section 3508, defining the jurisdiction, is as follows: "Within the prescribed limit, it extends to all civil cases, except cases by equitable proceedings, where the amount in controversy does not exceed one hundred dollars; and, by consent of parties, it may be extended to any amount not exceeding three hundred dollars." There is nothing to show that any objection was made in the mayor's court to its exercising jurisdiction as to the counter-claim. In *Schlisman v. Webber*, 65 Iowa, 114 (21 N. W. Rep. 209), this court held that, "as the consent of the parties to the jurisdiction is not required to be made a matter of record, the presumption is that such consent was communicated to the justice in some manner before he proceeded to take jurisdiction of the case." Under this ruling the motion was properly overruled.

II. The contract alleged to have been broken is claimed by defendant to be as follows: That he leased a certain farm from the plaintiff for the year 1894, by oral agreement, and that as a part of said contract the plaintiff agreed to furnish defendant with five or six milch cows, and some hogs, to be kept on the farm; that defendant should purchase the cows and hogs on time, and that plaintiff would sign as his security therefor, and defendant would sell the milk produced by the cows to a creamery, and apply the receipts therefor to the payment of the purchase price; that thereafter plaintiff agreed to furnish the hogs from his own stock. Defendant introduced evidence

tending to show that the plaintiff failed and refused to comply with this part of said oral contract. The court admitted evidence over plaintiff's objections as to the value of the milk and increase from a cow during a year, and the "value of the produce of hogs—the average sow—for one year." No other evidence of damages for a breach of this contract was offered, and no instruction was given as to the elements or measure of damages in such a case. The jury must have followed the measure indicated in the evidence, and charged the plaintiff with damages upon the basis of the proceeds that might be derived from that number of cows and hogs in a year. Plaintiff cites 1 Sutherland, Dam., page 82, and contends that the measure is the difference between the contract price and the value of the cows and hogs at the time and place of delivery. Defendant contends that this rule is not applicable, that the damages were definite and fixed, and that the evidence was as to that particular place and season. He says: "If they had attempted to testify as to what would be the average value of the product of a cow or hog for a future season, then the rule contended for might apply; but that is not this case. They are testifying here as to what really was, as distinguished from what might be." Defendant's interrogatories, as well as the answer of the witness, show that they were not as to a particular year or season. Surely, the profit to be derived from the stock was not the measure of plaintiff's damages, for that profit was to go to paying for the stock. By plaintiff's failure to furnish the hogs and to go security for the cows, as alleged, the defendant lost, not the proceeds of the stock during the year, but the value of the stock, over and above the cost thereof, at the time when they would have been fully paid for as provided in the contract. If it took six months to pay for the stock in

the manner provided, then, and not until then, did it fully become the property of the defendant; and by the alleged breach he lost, not the proceeds nor the value of the stock at the time they should have been delivered, but their value then over the cost price. We think the court erred in admitting this evidence, and in not instructing as to the measure of damages.

III. The property attached, after being held for a time, was surrendered to the plaintiff as exempt. None of it was ever moved under the attachment. The corn was in the field. Appellant complains that appellee was permitted to show as damages, that by the detention thereof he was prevented from selling the corn and threshing machine as he desired to do, and that because of a decline in the market he was compelled to sell them at a reduced price. There was no error in admitting this evidence. For the reason stated in the second paragraph of this opinion the judgment of the district court is REVERSED.