MAGDALENA HANNASCH, Appellee, v. S. A. HOYT and G. A. SCHMICH, Sheriff, Appellants.

**Action on notes:** JUSTICE'S JURISDICTION: AMOUNT INVOLVED. A justice of the peace has no jurisdiction to enter judgment upon two separate notes for an amount exceeding in the aggregate one hundred dollars, based on a stipulation in each particular note that a justice shall have jurisdiction in the sum not exceeding three hundred dollars.

*Appeal from Carroll District Court.*— HON. F. M. POWERS, Judge.

FRIDAY, APRIL 7, 1905.

DEFENDANT Hoyt obtained a judgment before a justice of the peace against the plaintiff, Hannasch, upon two promissory notes, each of which gave a justice jurisdiction to an amount not exceeding $300. The notes were for $52.18 each. Thereafter the judgment was transcribed to the district court, and from that court an execution issued, which was levied upon plaintiff's property. This is an action to annul the judgment, to set aside the execution, and to restrain the sale of the property, on the ground that the justice was without jurisdiction of the subject-matter of the action. The trial court granted the relief prayed, and defendants appeal. — *Affirmed.*

*Lee & Robb,* for appellants.

*George W. Paine,* for appellee.

DEEMER, J.— By statute a justice of the peace in this State has no jurisdiction of a civil action where the amount in controversy exceeds $100, unless by consent of the parties

in writing, in which event it may be extended to actions wherein the amount claimed is not more than $300. The action before the justice in the instant case was upon two promissory notes, neither of which separately was for more than $100, but when combined they exceeded that amount. There was in each note a written consent that a justice might have jurisdiction thereon to an amount not exceeding $300. Unless this be the equivalent, there was no consent that a justice might take jurisdiction of an action brought on both notes in the event the aggregate did not exceed the $300 limit. So that we have the question, was the consent which was given in these notes sufficient to confer jurisdiction on the justice before whom the action was brought? On the one side it is contended that the question is settled by *Carpenter v. Scott,* 86 Iowa, 563, while on the other it is insisted that the point was not determined in that case, and, if it was, that the holding is wrong, and should now be disapproved. We think the Carpenter Case fairly supports appellee's contention, for it is expressly held therein that the writ under which the officer claimed protection in that case was void for want of jurisdiction in the officer issuing it. That want of jurisdiction was due to the same facts as appear in this case. The consent upon which the appellants herein rely was that a justice might have jurisdiction of an action on each particular note to the amount of $300. It was not that he might have jurisdiction of a combined action on the two to that amount, and plaintiff never gave any consent to such jurisdiction. The mere fact that the notes were held by one person, instead of by two, is not controlling, and the court is not justified in extending the agreements beyond their express terms. Jurisdiction in this case depended wholly upon the consent given by plaintiff, and that consent cannot be extended so as to include an action brought upon both notes. Of course, the two notes may be sued in one action, and for some purposes the suit may be said to make up, in the aggregate, one cause of action; but there was no consent that this

one cause of action might be brought before a justice, provided the aggregate amount did not exceed $300. In *Banker's Bank v. Jordan,* 111 Iowa, 324, in construing the attorney's fee statute, we held that when action is brought on several notes, each providing for an attorney's fee to plaintiff's attorney, the fees should be taxed with reference to the several amounts, and not on the aggregate of the sum recovered. The reasoning in that case is quite applicable here. As the amount involved was more than $100, and as there was no consent to a justice's jurisdiction in an action brought on the two notes, the judgment of the justice was void, and it was properly set aside.

The decree is right, and it is *affirmed.*