B. NAUMAN, Appellee v. ADAM NAUMAN, Appellant, and A. H. HARTRICK, Garnishee.

**Justice of the peace:** JURISDICTION: AMOUNT INVOLVED. A justice of the peace has no jurisdiction to enter judgment on default upon two notes united in one suit, where the aggregate demand exceeds one hundred dollars, even though each note contains a consent to jurisdiction of a larger sum; and such a jurisdictional defect cannot be cured by a dismissal of part of the claim prior to judgment.

*Appeal from Van Buren District Court.*— HON. DAN M. ANDERSON, Judge.

Wednesday, February 12, 1908.

The opinion states the case.— *Reversed.*

*W. D. McCormick* and *Robert & H. B. Sloan,* for appellant.

*W. B. Newbold,* for appellee.

Weaver, J.— The plaintiff brought suit against defendant before a justice of the peace, stating his cause of action upon two promissory notes, on which he demanded judgment in the sum of $160. On the return day the defendant made no appearance to the action, but plaintiff appeared, and, after dismissing his claim as to one of the notes in suit, took judgment by default upon the remaining note for $60 and costs. Four years later the plaintiff caused an execution to be issued upon the judgment, under which writ the officer served notice of garnishment upon one Hartrick as a supposed debtor of the defendant. The garnishee answered, admitting an indebtedness to the defendant of $99.72. The defendant appeared to the garnishment proceedings, and objected thereto, on the ground that the judgment on which the proceedings were based was void for want of jurisdiction of the justice over the subject-matter of the action. The objection was overruled, and the garnishee ordered to pay the money into court to be applied in discharge of the judgment against the defendant. In due time the defendant sued out a writ of error from the district court for a review of the ruling complained of. The justice of the peace having made return to the writ showing the facts hereinbefore stated, the district court sustained the ruling of the justice, and affirmed the judgment subjecting the debt due from the garnishee to the payment of plaintiff's claim. The defendant appeals.

The single question involved is whether the record

sufficiently reveals the jurisdiction of the justice to entertain the action begun before him, and to render a valid judgment against defendant by default for want of appearance and defense. The justice's return and transcript, though somewhat informal, indicates that plaintiff instituted the action by filing a written petition declaring upon two promissory notes, one for the sum of $100 and the other for a smaller sum, on which he asked to recover the aggregate amount of $160, and that original notice of such demand was issued and served on the defendant. The amount of the recovery thus demanded being clearly in excess of the ordinary jurisdiction of the court issuing it, the defendant was under no obligations to appear thereto, and a judgment entered in an action thus instituted was necessarily void. *Hynds v. Fay,* 70 Iowa, 433; *Gillett v. Richards,* 46 Iowa, 652; *Carpenter v. Scott,* 86 Iowa, 563; *Evans v. Murphy,* 133 Iowa, 550. It is true that by Code, section 4477, the justice may on the written consent of the parties take jurisdiction in cases where the amount in controversy does not exceed $300, and it is possible, though we do not now so decide, that, if the record disclosed an appearance to the action by the defendant and no objection raised by him to the jurisdiction of the court, we would presume that proper consent was given. *Chesmore v. Barker,* 101 Iowa, 577; *Hopkins v. Reid,* 106 Iowa, 78.

It is to be noted, however, that the two cases here cited, and upon which the appellee seems to rely, were decided under section 3508 of the Code of 1873, in which the jurisdiction of a justice of the peace of matters in excess of $100 was based upon "the consent of the parties" generally without any requirement that it should be in writing; while the present statute (Code, section 4477) expressly requires written consent. Moreover, even if we might presume that the notes sued upon contained such written consent, they could not be united in one action in justice's court where the combined amount to be recovered

exceeded $100. *Hannasch v. Hoyt,* 127 Iowa, 232; *Carpenter v. Scott,* 86 Iowa, 563. Such being the case, the jurisdictional defect could not be cured or avoided by the expedient of dismissing a part of the plaintiff's claim. *Gillett v. Richards,* 46 Iowa, 652.

Other authorities cited by appellee are not in point upon the decisive question presented by this appeal.

It follows that the judgment of the district court must be *reversed.*