## PHILLIPS & SON V. BOTH ET AL.

1. **Chattel Mortgage:** STOCK OF GOODS: ACQUISITONS TO. A chattel mortgage, which refers to a stock of goods, but also schedules and describes the mortgaged property, and which contains no express provision that future acquisitions to the stock shall be included in the mortgage, will not cover goods afterwards purchased and added to the stock on hand at the date of the mortgage.

2. **Practice in the Supreme Court:** INTERVENOR: AMOUNT OF JUDGMENT. An objection to the amount of the judgment in the main action by the intervenor, will not be considered in this court, where the record does not show that the objection was made in the court below. Whether any one but the defendant in the judgment can object to the amount thereof, *quære.*

3. **Mortgage:** LIEN INVALID: ATTACHMENT: PRACTICE. Where it is found that a mortgagee has no valid lien upon the mortgaged property, he cannot contest the attachment, or be heard to object that the mortgagor had no such interest in the property as could be levied upon by attachment.

*Appeal from Audubon District Court.*

WEDNESDAY, JUNE 7.

THE plaintiff commenced this action by attachment to recover upon an account for merchandise sold at wholesale to the defendant who was a retail dealer at Audubon. The at-

tachment was levied upon a part of a stock of boots and shoes on the 13th of December, 1880. There was a trial by jury, which resulted in a verdict for the plaintiffs. Frederick Both, by his petition of intervention, claimed a prior lien upon the attached property by virtue of a chattel mortgage made by the defendant to him on the 31st day of August, 1880. The issue between the plaintiffs and the intervenor, as to the priority of their liens, was tried by the court after the return of the verdict in the main action. The court found for the plaintiffs upon the ground that there was "no evidence enabling the court to find that any of the goods described in said mortgage are held by the plaintiffs under said attachment." The intevenor appeals.

*Jno. M & R. W. Griggs*, for appellant.

*Clinton, Hart & Brewer* and *Nichols & Stotts*, for appellees.

ROTHROCK, J.—I. The language of the granting clause of the mortgage is as follows: "I do hereby sell, transfer and assign to the said Frederick Both the property described in the following schedule, viz: " A stock of boots and shoes and clothing, consisting of eleven cases of mens' and boys' boots; eighty boxes of misses' and children's shoes, partially full; twenty-five pairs overalls; one show case; five dozen underwear shirts and drawers." This clause is followed by the following words: "The said grantor to have the privilege of retailing said stock, but to keep up said stock as full as it now is as nearly as possible." The court held that this mortgage did not cover goods purchased and added to the stock after the execution of the mortgage.

It is first contended by counsel for appellant that a large part of the goods which were attached by the plaintiffs were actually on hand and included in the mortgage when made. As to this question it is sufficient to say that the evidence does not point out any specific goods which were covered by

the mortgage and also held under the writ of attachment. The most that can be said is, that there may be an inference that such was the case. Besides, the finding of the court must be regarded as the verdict of a jury upon the facts, and we find nothing in the record to warrant our interference.

II. Did the mortgage cover goods afterwards purchased and added to the stock on hand at the date of the mortgage?

**1. CHATTEL MORTGAGE: stock of goods : acquisitions to.** We think it did not. The rule in this State is, that a chattel mortgage may be made to cover future acquisitions of property. *Scharfenburg v. Bishop*, 35 Iowa, 60; *Fejavary v. Broesch*, 52 Id., 88; *Stephens v. Pence*, 56 Iowa, 257.

An examination of these cases will show, however, that in such of them as involve mortgages upon stocks of merchandise, the mortgages expressly provide that future acquisitions to the stock shall be held as included in the mortgage. The mortgage in the case at bar makes no such provision. It is true it refers to a stock of boots and shoes and clothing, but it also schedules and describes the mortgaged goods. There were no goods mortgaged excepting such as are scheduled, because the language is that it is "the property described in the following schedule." It may be that the parties intended to include future acquisitions of goods. The provision that the mortgagor should keep up the stock, would seem to indicate something in that direction. But this is not a proceeding to reform the mortgage, and we must take it as it reads. We cannot extend its provisions nor find by inference what was intended. The rule allowing property to be mortgaged which is not yet in being, or not owned by the mortgagor, has, in our opinion, been extended quite far enough without allowing it to be done by mere inference.

III. Some question is made by appellant as to the amount of the judgment in the main action. It is sufficient

**2. PRACTICE: intervenor: amount of judgment.** to say in answer thereto that the record does not show that any objection has ever been made to the amount in the court below by motion or

otherwise.    Indeed, it is questionable whether any one but
the defendant in the judgment can object to the amount
thereof.

IV.    There was another chattel mortgage on the goods in
favor of one Van Gorder.    He also intervened, and his mort-
gage was found to be a superior lien to the plaint-
iff's attachment.    Thereupon the plaintiffs de-
posited with the clerk of the court the amount
due on the Van Gorder mortgage, and the court subrogated
plaintiffs to all the rights of Van Gorder.    This action of
the court is assigned as error.    It is said that it was not com-
petent for the court to determine the rights of this intervenor
and Van Gorder under their said mortgages.    All the parties
were before the court asserting their liens upon the goods.
When it was found that this intervenor had no lien upon the
property, that was an end of the case as to him.    As to the
goods not attached, the court determined nothing, as between
the mortgagees.    And as it was found the appellant had no
lien, he cannot object that the mortgagor had no such inter-
est in the property as could be levied on by attachment.    The
same remark will apply to the objection that part of the debt
was not due when the attachment was levied.    We think the
judgment of the District Court should be

<div style="margin-left:2em; font-size:smaller">3. MORTGAGE:<br>lien invalid:<br>attachment:<br>practice.</div>

AFFIRMED.