Lormer v. Allyn et al.

LORMER v. ALLYN ET AL.

1. **Chattel Mortgage:** STOCK OF GOODS AND ACCOUNTS: SUBSEQUENT ACCOUNTS: EVIDENCE OF INTENTION TO VARY TERMS OF MORTGAGE. A chattel mortgage will not be deemed to cover after acquired property, unless the intention that it should do so is clearly expressed. Accordingly, a chattel mortgage conveying a stock of goods and "all books of account and rights of credit arising out of said business," did not cover accounts subsequently accruing upon the sale of the goods by the mortgagor, with the consent of the mortgagee, in the regular course of trade. And, in such a case, where creditors of the mortgagor sought to reach such subsequent accounts, it was not competent to vary the terms of the mortgage by the parol testimony of the parties thereto that it was intended to cover such subsequent accounts.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 24.

THE plaintiff, Mary E. Lormer, brought this, her action in attachment, against the defendant, Allyn, and garnished the defendant, Kirk. The garnishee answered, showing that he was in possession of certain personal property, as mortgagee of Allyn. One Barnard intervened, claiming certain accounts, which accounts both the plaintiff and Kirk claim passed to the latter under the mortgage. The intervenor also claimed certain money collected on accounts of like character. There was a trial to a jury, and verdict and judgment were rendered for the intervenor. The plaintiff appeals.

*Blythe & Markley*, for appellant.

*Glass & Hughes*, for appellee.

ADAMS, J.—On the sixth day of September, 1882, the defendant, Allyn, was doing business as a grocer, and on that day he executed a chattel mortgage to Kirk, wherein he conveyed his stock of groceries. The mortgage also purported to convey "all books of account and rights of credits

arising out of said business." At that time Allyn's books contained accounts against customers, and afterwards other accounts accrued for goods sold, and they were charged in the books in like manner. On the twenty-second day of September of the same year, the plaintiff, having a claim against Allyn, and believing that Kirk's mortgage covered more property than was necessary to enable him to collect his claim, and desiring to reach the accounts which accrued to Allyn before and after the execution of the mortgage, brought this action in attachment, and garnished Kirk as mortgagee of the accounts. On the day after the garnishment, Allyn assigned to Barnard, who is also said to be a creditor, all his claims and demands against every person growing out of the grocery business.

The court instructed the jury, in substance, that the accounts which accrued subsequently to the execution of the mortgage were not covered by it, and passed by the assignment to Barnard, the intervenor. The principal question arises upon this instruction. We do not determine whether in any event the proper mode of reaching the accounts was by garnishing the mortgagee. We have reached the conclusion that the court was correct in holding that the subsequently accruing accounts were not covered by the mortgage, and, if we are correct in this, it is immaterial whether the plaintiff's mode of proceeding was proper or not.

The plaintiff's position is, that "rights of credits arising out of the business" must be deemed to include those that should thereafter arise. But the general rule is that a chattel mortgage will not be deemed to cover after-acquired property, unless the intention that it should is clearly expressed. Jones on Chattel Mortgages, § 160. Looking at the description in question, we cannot say that the intention is clear to mortgage accounts not then accrued. It will not be denied that, strictly, the word *arising* denotes merely present time. We ought to be allowed to use the word *now* in connection with it. If that word had been used, the "rights of credits"

mortgaged would be those *now arising* out of the business, which, it appears to us, would be those now existing as the results of sales in the business. The expression used in the mortgage is not a very proper one in any view that can be taken of it, but we cannot apply it to subsequently accruing accounts, without going beyond the strict meaning of the words; and, in view of the rule above set forth, and which we believe to be generally recognized, we do not feel at liberty to go beyond such meaning.

The plaintiff contends, however, that the accounts are the proceeds of the goods, and would be covered by the mortgage in the absence of any express provision respecting after-acquired property.

Without determining whether this might not be held to be so under some circumstances, we think that it could not be under the circumstances of this case, and perhaps in no case in an action at law. We infer that the goods were sold by the mortgagee's consent, in the ordinary course of trade, and as the goods of the mortgagor; that the purchasers' express or implied promises to pay for them were promises to pay the mortgagor, and that the goods were properly charged in accounts running to the mortgagor. Payments made directly to the mortgagor, so far as they were made, were unquestionably good, notwithstanding the mortgage. It would be a great hardship to hold that a chattel mortgage on a stock of goods covers the proceeds of the goods rightfully sold in the ordinary course of trade. If it covers such proceeds, the purchaser should seek out the mortgagee, and make payment to him, or whithold payment until his rights could be asserted.

The plaintiff offered to show by parol that the intention of the parties to the mortgage was that it should cover subsequently accruing accounts. The court refused to allow such evidence, and the plaintiff assigns the refusal as error.

No rule is more familiar than that a written instrument cannot be varied by parol. The plaintiff sought to violate

this rule. If our construction is the correct one, he sought to show that, while the mortgage means one thing, the parties, in fact, meant a different thing. Parol evidence is, to be sure, admissible for the purpose of identification, but this is not such case. Such question would arise if the parties disagreed as to what accounts are accounts for groceries; but it seems to be conceded that they are all such accounts. The trouble does not arise in applying the mortgage to specific accounts, but in determining from its terms what is its scope.

We see no error in the ruling below, and the judgment must be

AFFIRMED.