## W. G. REDFIELD *v.* A. J. MONTGOMERY.

DEED. *Description. Patent ambiguity.*

> A description of property in a trust-deed conveyed as the grantor's "entire interest in twenty-five bales cotton raised by them and any hands they may employ during the year 1892, on land belonging to them or any other land they may cultivate during said year," is void for uncertainty, and cannot be aided by proof that less than twenty-five bales were, in fact, raised by the grantors or their hands during said year. *Draper* v. *Perkins*, 57 Miss., 277, overruled.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

Moses P. Simpson and his wife, M. J. Simpson, to secure a debt due by them to T. N. Jones, executed to A. J. Montgomery, trustee, a trust-deed, which, among other things, conveyed "their entire interest in twenty-five bales cotton raised by them and any hands they may employ during the year 1892, on any land belonging to them or any other land they may cultivate during said year." Subsequently, Moses P. Simpson, to secure a debt to C. C. Redfield, conveyed to W. G. Redfield, trustee, all the crops to be raised by him during the said year 1892. W. G. Redfield, trustee, brought an action of replevin against Simpson to recover certain cotton raised by him during said year. Simpson made no defense, but Montgomery, the trustee in the prior deed of trust, interposed a claim, and an issue was made up thereon and tried upon an agreed statement of facts, which submitted to the court, as the sole question to be decided, the sufficiency of the above-quoted description of the cotton. It was admitted that the grantors, Simpson and his wife, and all their hands, during the year 1892 made less than twenty-five bales of cotton. From a judgment in favor of Montgomery, Redfield prosecutes this appeal.

71 Miss.—8

*F. B. Pratt,* for appellant.

*Draper* v. *Perkins,* 57 Miss., 277, would seem to sustain the validity of the trust-deed, but that case is not in harmony with *Kelly* v. *Reid,* 57 Miss., 89, and *Cowden* v. *Lockbridge,* 60 Miss., 385. It would be a violent presumption to hold that the grantors intended to make only the quantity of cotton specified. It is not denied that if it was intended to mean twenty-five bales of a larger amount to be raised, the deed would be void. The rule announced in *Draper* v. *Perkins* would cure almost any defect in descriptions. That case is at variance with the whole current of authority. See 35 Ark., 170; 41 *Ib.,* 72; 91 N. C., 101.

*Robert Powell,* for appellee.

*Draper* v. *Perkins,* 57 Miss., 277, is decisive of this case. That decision is not in conflict with other decided cases in this state. The trust-deed in question here specifically shows the fact of ownership and the locality of the property. It is conceded that the grantors raised less than the quantity called for by the trust-deed. In *Williams* v. *Crook,* 63 Miss., 9, the words, "now in my possession," were held sufficient to cure a description otherwise void. The trust-deed in this case further specifies ownership, and also the time when and the place where the cotton was to be raised.

CAMPBELL, C. J., delivered the opinion of the court.

The decision of this case by the circuit court was fully justified by the case of *Draper* v. *Perkins,* 57 Miss., 277, but that case is not supported by reason or authority, and is so manifestly wrong that it is hereby overruled. It cannot be accounted for, except by reference to the peculiar presentation by the record of the narrow question as to the admissibility in evidence of the deed; but, in any point of view the decision is wrong.

*Reversed, and remanded for a new trial.*