BROWN *v.* BOLT.

Mortgage of Crops — Validity — Title of Mortgagor — Parol Lease.

> A mortgage of an undivided half interest in a growing crop of peppermint, made by one in possession of the land on which the crop is growing, under a verbal contract good for only one year, cannot, as against the owner of the land, be held valid as to the crop grown by the mortgagor the following year, although the owner knew of the mortgage, and permitted the mortgagor to continue in possession the second year.

Error to Muskegon; Russell, J. Submitted January 5, 1898. Decided March 1, 1898.

Trover by Frank E. Brown and John Sehler against Thomas J. G. Bolt. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*Wolcott & Ward*, for appellants.

*Stephen H. Clink*, for appellee.

Long, J. This action is in trover, brought in justice's court, for the conversion of one-half of the crop of mint grown on the farm of defendant in the season of 1896 by one Sherman Dow, under contract with defendant, by which it is claimed by plaintiffs that Dow was to become the owner of one-half of said crop. The interest of plaintiffs was under a chattel mortgage given by Dow to them. The cause was appealed to the circuit court, there tried before a jury, and verdict directed in favor of defendant. Plaintiffs bring error.

It appears that this contract was made in the spring of 1895, and was to continue three years. The crop of 1895 was gathered, and turned over to defendant for an in-

debtedness due him from Dow. August 13, 1895, Dow bought some horses and other property from the plaintiffs, to be used in working the farm, and gave them a chattel mortgage of $180, due October 1, 1896, with interest at 7 per cent., on certain property, and on "also four acres, being the undivided one-half of eight acres, of peppermint in the township of Moorland, the peppermint growing on Thomas J. G. Bolt's farm, said farm occupied by Sherman Dow." None of this debt has been paid.

It is contended by plaintiffs that this mortgage was not intended by the parties to operate upon the crop of 1895, which was then about ready to cut, but upon the crop of 1896, and was made to mature at a time not long after the crop of 1896 would mature; that, shortly after giving this mortgage, Dow informed Bolt that he had mortgaged the crop of 1896; that Bolt had full knowledge of the purchase of the horses by Dow, and of the giving of the mortgage, and made no objection. Bolt kept a distillery, and was to distill the mint at 20 cents per pound. The crop of 1896 was harvested, and taken to the distillery, and distilled by Bolt, who kept his share, and also the share of Dow, claiming to hold it to make himself good for advances to Dow to enable him to carry on the business, and also claiming to hold it for the cost of distilling. The defense was that the mortgage covered the crop growing on the land in 1895, and not in 1896; that the contract for the cropping of the farm was not in writing, and could not extend beyond one year; that it was extended only by the agreement of the parties thereafter made, or by Dow's holding over another year, with the acquiescence of defendant; that Dow had therefore no interest in the land or crop for the year 1896 at the time the mortgage was given, and hence had nothing to mortgage; that the testimony shows that the defendant retained the ownership of all the crops until his advances were paid by Dow, and then, and not till then, was he to turn the balance, over and above such advances, over to Dow. Again, it is contended that defendant had a lien

upon the crop for the cost of distilling. The court below must have taken the view of the case as claimed by defendant's counsel, as a verdict was directed in defendant's favor, on the ground that, from the undisputed evidence, the plaintiffs had not made a case.

It appears that mint grows from roots planted. This planting was done in 1895, and two or three crops could be raised from one planting, and in fact the crop of 1896 was raised in that way. We are satisfied that the mortgage did not cover the crop of 1896. It was given before the crop of 1895 was harvested, and during the first year's occupancy by Dow. At that time Dow had no more interest in the crop of 1896 than a stranger. His contract was not in writing, and was valid for only one year. It expired before the crop of 1896 was grown, and could not be renewed except by the acquiescence or agreement of defendant. It happened that he remained over by the acquiescence of the defendant, but that did not give validity to the mortgage. The fact that defendant was informed of this mortgage would not estop him from setting up his right to the crop as against the mortgage.

The judgment is affirmed.

The other Justices concurred.