HOPKINS FINE STOCK COMPANY, Appellant, v. JAMES REID, Constable.

**Mortgage: FUTURE INCREASE OF MARES.** A chattel mortgage purporting to cover certain mares and all increase of said mares, includes foals born *after* the execution of the mortgage and not alone those in existence at the time of its execution.

**Appeal: APPEAL TO SUPREME COURT:** *Presumptions.* Where a case appealed to the district court involves a sum which is within the jurisdiction of a justice, upon consent, the court will presume that consent was given, no objection to the jurisdiction appearing, and no question as to it being presented.

**Bill of Exceptions: STRIKING.** Where a bill of exceptions was not signed until after the time given to prepare and file it, it will be striken out.

**SAME:** *Shorthand report.* The evidence is properly preserved of record on appeal if the shorthand notes certified by the judge and reporter were filed within the time given to file bill of exceptions, although the transcript is not filed until the time had elapsed. *Harrison vs. Snair,* 76 Iowa, 558, *distinguished.*

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, MAY 27, 1898.

THIS is an action in replevin, which originated in the court of a justice of the peace. The value of the property was fixed in the petition at one hundred and ten dollars. It was taken by appeal to the district court, and was there tried, without the intervention of a jury. From a judgment in defendant's favor, the plaintiff appeals.—*Reversed.*

*J. R. Good* for appellant.

*G. I. Miller* for appellee.

WATERMAN, J.—No objection seems to have been made to the jurisdiction of the justice and no such question is pre-

sented here. We are therefore authorized to presume that the parties gave their consent to the trial by the justice. *Chesmore v. Barker,* 101 Iowa, 577.

II. Appellee moves to strike from the record the bill of exceptions, because not signed or filed in time. The judgment of the district court was rendered April 4, 1896, and, by its terms, one hundred days were given in which to prepare and file a bill of exceptions. The bill of exceptions was signed July 31, 1896, and it was filed a few days later; appellee says August 3, 1896. The abstract is prepared in such a confused and confusing way that we are not able to find in it the exact date. This, however, is immaterial. It was not filed before it was signed, and it was signed eighteen days after the time fixed by the court had expired. The motion to strike will be sustained. *Barber v. Scott,* 92 Iowa, 52. It appears, however, that the original shorthand notes were certified by the judge and the reporter, and filed April 4, 1896. The transcript of these notes was not filed until July 28th, which was fifteen days after the expiration of the time fixed for the bill of exceptions. If the filing of the original notes, so certified, constitutes or takes the place of a bill of exceptions, then we may consider the case. In *Bunyan v. Loftus,* 90 Iowa, 122, it was held that the evidence was properly preserved of record, if the shorthand notes certified by the judge and reporter, were filed within the time limited, although the transcript was not filed until the time had elapsed. See, also, to same effect, *Fleming v. Stearns,* 79 Iowa, 256; *Hood v. Railway Co.,* 95 Iowa, 331. *Harrison v. Snair,* 76 Iowa, 558, seems to conflict with the rule of these cases, but it will be noted that in that case the transcribed notes were never filed.

III. Plaintiff claims possession of the property in question,—certain horses,—under a chattel mortgage executed by one B. J. McKie to one F. Larabe, and by the latter assigned to plaintiff. The claim of defendant is founded on the levy of a general execution issued on a judgment against

McKie. The mortgage was made in the state of Missouri, and counsel devote no small portion of their arguments to a discussion of its validity. We need not follow them further than as to a single matter, of which we will presently speak. The trial court held the mortgage valid as to the animals described, and which were in existence at the time the mortgage was made, and gave possession of one horse to plaintiff. Defendant has not appealed, so this finding of the district court must stand. The mortgage, after describing certain horses and mares by color, age, and name, says, "and all increase of said mares and the increase of increase." It is admitted that the animals in controversy are the increase of said mares, and their ages, as given in the judgment entry, show that they were foaled since the mortgage was made. The question we have to consider is whether the descriptive clause which we have set out is sufficient to give a lien on the colts of the mortgaged mares, as against defendant.

IV. The claim of the appellee is that the description does not expressly cover the future increase, and that it might well be held to mean only such foals of the mares as were in existence at the time the mortgage was made. Defendant, as we have said, seized this stock on an execution issued upon a judgment against McKie, and he is claiming the property under this levy. He is held to notice of the instrument and its recitals. Now, what impression or knowledge would he naturally get from this description? Would one suppose from reading it that the mortgage covered the animals described, and others,—neither kind or number mentioned,—that were in existence at time; or would he reasonably conclude that the mares and any addition or augmentation to their number they might thereafter make, by giving birth to foals were intended to be included? It is not a question whether one can, by a refinement of reasoning, extract a particular dubious meaning from the language used here, but rather, what is its plain common sense signification? We have held that a chattel mortgage will not cover after-acquired property unless the intention so

to do is clearly expressed.  Following this rule, it was decided in *McArthur v. Garman*, 71 Iowa, 34, that a mortgage of a horse and "all earnings, whether by premium or otherwise," would not cover future earnings.  And in *Lormer v. Allyn*, 64 Iowa, 725, we held that a description of "all books of account and rights of credit arising out of said business would not include 'rights of credit' arising or accruing after the execution of the mortgage.  We are asked to go further in this case than in either of those cited, and this we have no disposition to do.  In *Thompson v. Anderson*, 94 Iowa, 554, in which we held the description in the mortgage to include the future increase of animals, the language of the instrument was 'all the horses, colts, cattle, hogs, together with all increase of the above until the obligation named below is fully paid.' "  Reasoning not as subtle as that indulged in by appellee would warrant a construction that the words "until the obligation below is fully paid" qualified the right of the mortgagee to hold the property conveyed, rather than fixed a future period, during which the accessions by birth were to be made.  If this construction is correct, the case last cited affords direct support for our holding that the description in the mortgage in dispute was sufficient to include the future increase of the animals described.  We are content, however, to rest our decision on principle alone.  The court below, in holding the description in the mortgage insufficient to cover and include the animals in dispute, was in error ; and, because of this, its judgment is REVERSED.