GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY v.
HILL MERCANTILE COMPANY.

Decided January 14, 1903.

**Chattel Mortgage—Description—After-Acquired Property.**
A clause in the descriptive part of a chattel mortgage, specifying "all cordwood and piling cut by or for me" (referring to the mortgagor) is not sufficient to include after-acquired property.

Appeal from the County Court of Walker. Tried below before Hon. John C. Williams.

*Baker, Botts, Baker & Lovett* and *Ball, Dean & Humphrey,* for appellant.

*McKinney & Hill,* for appellees.

GILL, ASSOCIATE JUSTICE.—This was an action brought by the Hill Mercantile Company, as plaintiff, against G. W. Lawrence, on two promissory notes, one for $200, of date January 20, 1898, due October 1. 1898, at 10 per cent interest per annum from its date, and providing for 10 per cent additional as collection fees; the other for $17.50, of date November 1, 1898, due December 1, 1898, with interest and attorney's fees, the first of said notes being payable to the plaintiff, and the other being payable to A. T. Hill, and by him indorsed to plaintiff. Plaintiff also alleged that the said G. W. Lawrence, in order to secure the payment of said notes, executed to plaintiff on the 20th of January, 1898, a mortgage, whereby, among other things, the said Lawrence conveyed to plaintiff all the cordwood and piling that should be cut by or for the said Lawrence, and that said mortgage was duly registered in the office of the county clerk on January 26, 1898.

The plaintiff further alleged that during the year 1898 the Galveston, Houston & Henderson Railroad Company of 1882 and T. F. Sims seized and converted large quantities of the piling cut by and for the said Lawrence, on which plaintiff alleged that their mortgage from Lawrence operated as a valid and subsisting lien, with actual and constructive notice of the existence of plaintiff's said alleged lien thereon; and the said railroad company and the said Sims were made parties defendant, a judgment of foreclosure was prayed against all the defendants, and judgment was prayed for against the said railroad company and the said Sims for the value of the piling alleged to have been converted by them.

Pending the suit the defendant G. W. Lawrence died intestate, and the defendant T. F. Sims was appointed and quadified as administrator of the estate of the said Lawrence, and the suit was prosecuted against him as such administrator, as well as against him individually, and against the defendant railroad company.

Defendants, for answer, pleaded the general denial, not guilty, payment of the notes sued on, and the defendant Sims, as administrator, further pleaded in reconvention, on account of amounts alleged by him to be due by the plaintiff to the said G. W. Lawrence, in the sum of $598.24. The defendants, T. F. Sims individually and the railroad company, further pleaded that if they, or either of them, converted any piling upon which plaintiff's alleged mortgage lien operated, that they purchased the same without notice of plaintiff's said lien, and paid full value therefor. The defendants further pleaded that if plaintiff ever had any lien on any piling converted by them, that the plaintiff knowingly permitted and suffered such piling to be sold in the open market by the alleged mortgagor thereof, and thereby waived its lien thereon.

The case was tried before a jury, and a verdict was returned against the defendant Sims, as administrator of the estate of G. W. Lawrence, for the sum of $100, balance due on note for $200, with interest from January 1, 1899, and attorney's fees, and verdict against the defendant Galveston, Houston & Henderson Railroad Company for the sum so found against the said Sims as administrator; the jury further finding in favor of the defendant T. F. Sims individually. On this verdict the court rendered judgment against the said Sims, as administrator, and against the defendant railroad company, for the sum of $143 and costs, and also rendered judgment against the said defendant for the foreclosure of plaintiff's alleged mortgage lien upon the piling for the alleged conversion of which the defendant Galveston, Houston & Henderson Railroad Company was sued. The court further rendered judgment in favor of the defendant T. F. Sims individually. From this judgment the railway company has appealed.

On January 20, 1898, and for some time prior thereto, G. W. Lawrence was engaged in cutting cordwood and piling and having the same cut for him by others. He continued in the business until his death thereafter. On the date above named he was indebted to the Hill Mercantile Company in the sum of about $200, and executed a mortgage to that concern to secure the debt and such sums as might be subsequently furnished him by the company. The Hill Mercantile Company was a corporation engaged in the mercantile business at Waverly, in Walker County, Texas, and John E. Hill was its general manager. The mortgages covered certain stock and vehicles, which were minutely described, which description was followed by this sentence "and all cordwood and piling cut by or for me." The instrument contained nothing to indicate where the wood and piling was situated, from what premises it was cut, or in what county or State it was located. Nor was there anything in the instrument other than the sentence quoted to indicate that it was intended to attach as a lien to after acquired property of the kind described. Between March 16, 1898, and May 23d of that year certain cars of piling were sold by one N. M. Rayburn to the appellant and shipped to it over the International & Great Northern Railroad. Full

value was paid, without actual notice of any lien in behalf of plaintiff, and without knowledge that they had been cut by or for Lawrence, but the mortgage was of record in Walker County, and if the piling so shipped was situated or gotten out in Walker County, and was reached by the lien, the appellant was chargeable with constructive notice. The manager of the Hill Mercantile Company knew that Lawrence had been selling and shipping stuff against which the lien was asserted, and had permitted such sales and shipments and received the proceeds of such sales from Lawrence. The said manager saw the cars in controversy loaded and shipped, merely keeping a list and description of the cars. Lawrence having failed to account for the proceeds of the shipments made between March 16th and May 25, 1898, this suit was brought against Lawrence and the railroad company, seeking to hold the latter for the value of the piling so purchased by it.

Two reasons are assigned for reversal: (1) The description in the mortgage does not include the piling in controversy. (2) Plaintiff having knowledge of the sales and shipments in controversy, and having assented to prior sales and shipments and trusted Lawrence to turn over the proceeds as a credit on the mortgage debt is estopped to assert his lien against appellant.

Conceding that in the absence of a stipulation naming the county and State in which the property is to be found the presumption would be that the property was located in the county in which the transaction occurred and the mortgage was registered, and conceding also' that the description was sufficient to identify any piling or cordwood already cut by or for the mortgagor, we are of opinion the language is insufficient to cover after-acquired property. The rule as to description is very liberal as to property in existence at the date of the mortgage, and every intendment will be indulged to uphold its validity. Subsequent purchasers must place themselves in the position of the parties to the instrument with the knowledge they had at the time, and if from that knowledge the description can be taken and the property identified the mortgage is good.

But the question presented is not one of description, but of expressed intention, for had the cordwood and piling been described with the minutest accuracy, the question would remain whether the instrument evinces an intention that the lien should attach to like cordwood and piling thereafter to be cut. While an instrument designed to be a mortgage on chattels must be very loosely and inaccurately drawn indeed to be inoperative upon property in esse at its date, the rule is otherwise as to liens upon future acquired property. In the latter case the lien attaches in equity when the property comes into being, or is acquired by the mortgagor, and the rule is well settled that the purpose that it shall so attach must clearly appear from the terms of the instrument itself, and that the mortgage in this respect can not be aided by parol. Of course, as between the parties, if the instrument did not in fact state the contract as made, it might be reformed in a suit brought for the

purpose, but this is not such a suit, and even if it was, the reformation would be of no avail to appellee as against appellant whose rights are controlled by the mortgage as it existed at the date of the purchase.

The language used to express the intent of the parties is, "All cordwood and piling cut by or for me." The perfect participle of the verb is used, and, standing alone as it does, can have but one meaning, that is, that the property intended to be affected had been cut and was in esse in that form at the time. Appellee concedes that cordwood and piling then cut by or for Lawrence was covered by the expression, thus conceding that the word was used at least in part in its past or present signification. But a double meaning is sought to be attached to it, making it signify both past and future. We can not concur in this contention. With the meaning contended for so easy of expression by the insertion of the words "and to be cut," and with its evident application to property then in esse, we think that to hold with appellee would be to add by intendment words of futurity when none are found in the instrument, and this we are forbidden to do. The instrument must stand as it is written, and what the parties really intended can not vary its plain terms. The following authorities are almost directly in point as to the rule and its application. Jones on Chat. Mortg., secs. 167-173a; Phillips v. Both, 58 Iowa, 499; Tormer v. Allyn, 64 Iowa, 726; McArthur v. Gorman, 71 Iowa, 34.

It is unnecessary to dispose of the other assignments. The judgment is reversed, and judgment here rendered for appellant.

*Reversed and rendered.*