National Bank of Milton, Appellee, v. J. I. O'Brien et al., Appellees; Douthitt Cattle Loan Company, Intervener, Appellant.

**APPEAL AND ERROR:** Abstracts—Allowable Amendment. An amended abstract in which is set forth the judgment appealed from, and which is filed before submission, is allowable.

**APPEAL AND ERROR:** Decisions Reviewable—Untimely Attack on Jurisdiction. It is not allowable, after submission, to attack the jurisdiction of the appellate court on the ground that the original abstract fails to recite any appealable judgment.

**CHATTEL MORTGAGES:** Lien and Priority—Priority as Affected by Possession. An attaching creditor, in a contest with a mortgagee of chattels, may not avail himself (1) of possible invalidities in the acknowledgment of the mortgage, or (2) of misdescriptions of the chattels and the location thereof, when the mortgage is valid as between the parties thereto, and when the chattels *were not in the actual possession of the mortgagor at the time of the levy.*

**CHATTEL MORTGAGES:** Description—Increase and Additions. Subsequently acquired property may be embraced in a chattel mortgage, as between the parties thereto, even though the description would not be valid against third parties.

*Appeal from Van Buren District Court.*—Seneca Cornell, Judge.

November 13, 1923.

Action on promissory note executed by defendants to plaintiff, aided by attachment. Attachment was levied on certain cattle owned by O'Brien, upon which the Douthitt Cattle Loan Company held a chattel mortgage, and said loan company intervened, claiming that its mortgage is a lien superior to the attachment lien. The court found the attachment lien to be prior to the mortgage lien. Intervener appeals.—*Reversed.*

*Hollingsworth & Hollingsworth, Sloan & Sloan,* and *Omar E. Robinson,* for appellant.

*Walker & McBeth, H. C. Taylor,* and *George R. Buckles,* for appellees.

ARTHUR, J.—I. Defendant J. I. O'Brien lived on and owned a farm in Lee County, Iowa, and was engaged in farming, and in buying and feeding cattle. On October 1, 1919, defendants, J. I. O'Brien and his wife, executed to plaintiff a promissory note for $2,796, due one year after date. On March 17, 1920, O'Brien purchased at the stockyards in Kansas City, Missouri, 80 head of steers. To make the purchase, O'Brien borrowed from the intervener, Douthitt Cattle Loan Company, $5,489.10, and gave his note therefor, and executed to the loan company a chattel mortgage on the cattle purchased. The cattle were shipped to the O'Brien farm in Lee County, Iowa, and the mortgage was placed of record in Lee County. The cattle were kept by O'Brien on his farm where he lived, in Lee County, Iowa, for a time.

On September 9, 1920, in renewal of the mortgage of March 17, 1920, and securing the same debt, O'Brien executed a chattel mortgage on the same steers described in the prior mortgage, with the same description of steers as in the prior mortgage, but described as being "located on the 640-acre farm of J. I. O'Brien, situated one and one-half miles south of Hoskins Park, Illinois, in Kankakee County." This mortgage was recorded in Lee County, Iowa. The cattle were not taken to Illinois. O'Brien placed on a farm located in Van Buren County, Iowa, occupied and controlled by Alex Mitchell and son, 40 head of steers. The date when these steers were placed on the Mitchell farm does not appear in the record. About two thirds of the cattle placed on the Mitchell farm in Van Buren County were a part of the cattle purchased in Kansas City. The other one third were cattle purchased by O'Brien from different parties around his home in Lee County.

On January 6, 1921, this action was begun, and the attachment was levied on the 40 head of steers on the Mitchell farm, in Van Buren County. The petition was filed in equity, and the case was tried as an equity action. The court held that the attachment lien was superior to the mortgage lien of the intervener on the 40 head of steers levied upon, and entered decree accordingly, from which this appeal is taken.

II. The original abstract in this case was filed March 26, 1923, which was in time to bring the case on for submission at

the September, 1923, term of this court. On September 4, 1923,

**1. APPEAL AND ERROR: abstracts: allowable amendment.**     appellee filed an additional abstract, setting forth a chattel mortgage known in the record as Exhibit E, part of the evidence not set forth in the original abstract. On September 17, 1923, intervener, appellant, filed an amendment to the abstract, setting forth the judgment and decree entered. Counsel for appellee filed their brief and argument on September 4, 1923. Counsel for appellant filed their brief and argument on September 17, 1923. The case, being fully argued, was submitted on September 19, 1923. On September 21, 1923, appellee filed a typewritten motion to strike the amendment to abstract filed by intervener and the brief and argument of intervener, on the ground that the original abstract, filed on March 26, 1923, "did not recite nor in any way set out the judgment of the lower court from which said appeal is taken, and no amendment was filed setting out said decree or judgment, until the 17th day of September, 1923;" that an abstract of the record must be filed by appellant 30 days before the second term after an appeal is taken, unless further time is given within which to file abstract; that no further time was given; that, therefore, no jurisdiction was acquired to entertain this appeal.

Appellant filed resistance to said motion, and the motion was submitted with the case. It is true that the original abstract contained no recital of the judgment and decree entered in the

**2. APPEAL AND ERROR: decisions reviewable: untimely attack on jurisdiction.**     court below, and stated that judgment had been entered only in the notice of appeal. But appellant's amendment to the abstract, filed before the case came on for submission, contained the judgment and decree entered. The motion is not well taken. Furthermore, objections to the jurisdiction of this court to entertain the appeal were not made in "printed form, stating specifically the ground thereof, and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission of the cause," as provided by Section 4139, Code Supplement, 1913. The motion is overruled.

III.   The controversy in this case is between appellee National Bank of Milton and appellant, intervener, Douthitt Cattle Loan Company. The main issue tried in the lower court and

**3. CHATTEL MORT-GAGES: lien and priority: priority as affected by possession.** presented here is whether or not the attachment lien is superior to the lien of intervener's mortgage, and involves the question of whether or not the property attached was covered by intervener's mortgage. Appellant, intervener, affirmed that all of the cattle attached were covered by its chattel mortgage. Appellee claims that its attachment lien is superior to intervener's mortgage, because the cattle were not described correctly in the mortgage; that the recording of the mortgage did not impart notice, because the acknowledgment to the mortgage was taken before G. L. Douthitt, who was president and part owner of the Douthitt Cattle Loan Company; that the renewal mortgage given in September describes the cattle in the same language as the March mortgage, but describes them as situated in the state of Illinois, instead of Iowa, and that said mortgage, being recorded in Lee County, where the prior mortgage was recorded, was misleading to anyone examining the record, in that a person so examining would assume that the mortgaged cattle were in Illinois; that no evidence was offered to show that the cattle levied on were the increase or had been added to any other cattle owned by O'Brien.

IV. The evidence shows without conflict that O'Brien, at the time the mortgages were executed, and at the time of the trial, was a resident of Lee County, Iowa. The mortgages were recorded in Lee County, the county of the residence of the mortgagor, O'Brien. The mortgages were not recorded in Van Buren County, where the cattle in controversy were located and levied upon. The description in said mortgage of the property is as follows:

"Eighty head choice Hereford, coming two years old steers, average weight 602 lbs.; all dehorned, purchased on the Kansas City market March 17th, through the Freed Order Buying Company, and shipped to the farm of J. I. O'Brien, situated three and one-half miles east of Farmington, Iowa, in Lee County, where they are to remain during the life of this mortgage. Together with all increase and additions thereto, whether by purchase or otherwise, all of which are especially included herein."

The record discloses that O'Brien and his commission man selected a bunch of 80 head of choice Hereford cattle in the stock-

yards at Kansas City, and arranged to purchase them; that they reported such purchase to the loan company, and the mortgage was written, describing the cattle as "eighty head of choice Hereford," etc., as above set forth. It afterwards developed that the steers were not choice Hereford steers, but were a mixed lot, red, roans, and mottled faces. The mortgage having been drawn describing the cattle as eighty head choice Hereford steers, before it developed that the cattle were not choice Hereford steers, the parties seemed to have deemed it unnecessary to change the description, and no change was made in the description after the parties found the error, and after there had been substituted some red, roans, and mottle-faced steers, instead of the Hereford, or white-faced, steers. Intervener contends that the clause providing that said mortgage shall cover all increase and additions to said cattle, whether by purchase or otherwise, is broad enough to include the cattle in question. The mortgage given on September 9, 1920, contains the same description as the mortgage given in March, 1920, but recites that the property is "located on the 640-acre farm of J. I. O'Brien, situated one and one-half miles south of Hoskins Park, Illinois." It is without dispute in the record that the cattle levied upon were not Hereford cattle, did not have the marks of the breed known as Hereford, and were not located on the O'Brien farm in Lee County, but were entirely separated from any other cattle belonging to O'Brien, and were, in fact, located in another county from that in which O'Brien lived and in which his farm was located.

V. First, it is pertinent to inquire whether the mortgage by its description covered the cattle placed on the Mitchell farm. We think the record answers this question in the affirmative. After describing the cattle, the mortgage recites: "Together with all increase and additions thereto, whether by purchase or otherwise, all of which are especially included herein." It appears without dispute in the evidence that about two thirds of the cattle placed by O'Brien on the Mitchell farm in Van Buren County were a part of the cattle purchased in Kansas City, and that the other one third were cattle purchased by O'Brien from different parties around his home in Lee County. It further ap-

4. CHATTEL MORTGAGES: description: increase and additions.

pears from the testimony of O'Brien that, as between him and the mortgagee, it was understood that any cattle subsequently purchased by O'Brien should be included in the mortgage.

VI.   The mortgage was not recorded in Van Buren County, where the cattle in controversy were located and levied upon. However, we think it was not necessary that the mortgage should have been recorded in Van Buren County, in order to constitute constructive notice of what the mortgage in fact contained. The recording act relative to chattel mortgages applies only to cases where the mortgagor retains *actual* possession.   Code Section 2906; *Thomas v. Hillhouse,* 17 Iowa 67; *Campbell v. Hamilton,* 63 Iowa 293; *King v. Wallace Bros.,* 78 Iowa 221; *Frank & Co. v. Levi & Co.,* 110 Iowa 267.

VII.   It is the well settled law of this state that subsequently acquired property may be included in a chattel mortgage, and that, as between the parties thereto, it is not required that the description be sufficiently definite to impart constructive notice to third parties.   *Hamm Brew. Co. v. Flagstad,* 182 Iowa 826; *Live Stock Nat. Bank v. Julius,* 187 Iowa 748.   This mortgage was good as between the mortgagor and mortgagee, and the mortgagee held a valid lien on the property involved, by virtue of its mortgage, at the time of the levy of the attachment; and the interest of O'Brien in said cattle was one incumbered by the lien of said mortgage.   It is well settled in this state that an attaching creditor can acquire no greater right in property attached than the mortgagor owner holds at the time of the attachment, except under the recording act, in cases where such act applies.   And, as above said, the recording act does not apply in the instant case.   It follows that appellee does not have, by virtue of its attachment, a lien paramount to intervener's mortgage lien on the cattle involved.

VIII.   No equities exist in favor of appellee.   The debt of O'Brien to appellee was contracted long prior to the purchase of the cattle by O'Brien and the mortgaging of said cattle to intervener.   The major portion of the cattle involved were bought on the credit of the intervener, and in equity were intervener's property.

IX.   Appellee contends that, the mortgage having been acknowledged before G. L. Douthitt, a stockholder in mort-

gagee's corporation, it lacked the requirement of a valid acknowledgment, and that the recording of said instrument was insufficient to impart notice to appellee, and thus gave appellee a prior right, under the recording act. But we have held that the recording act is not applicable in the instant case, because the property at the time of the levy was not in the "actual possession" of the mortgagor. Under this situation, and the mortgage being valid, even without acknowledgment, as between the parties thereto, any defect in the acknowledgment would not defeat intervener's mortgage lien. In *Live Stock Nat. Bank v. Julius,* supra, where the language of the mortgage is identical with the one before us, we said:

"The law does not require, as between the parties, that the description be sufficiently definite to impart constructive notice to third parties, but only that it be sufficient to express the purpose and intention of the parties thereto."

Since we hold that the mortgage was sufficient, as between the parties thereto, and that appellee has not established a right to the protection of the recording act,. and that appellee obtained no more by its attachment than the rights of the debtor, O'Brien, it follows, and we so hold, that the chattel mortgage is paramount, and must prevail over appellee's attachment. Accordingly, the decree of the court below, holding appellee's attachment superior to the lien of intervener's mortgage, is reversed.— *Reversed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.