### HAMILTON NAT. BANK v. HARRIS. *
(No. 17.)

(Court of Civil Appeals of Texas. Waco. Feb. 28, 1924. Rehearing Denied April 3, 1924.)

1. **Chattel mortgages** ⬤⟝124—**To cover after-acquired property, must clearly express such intent and identify the property.**

In order for a mortgage to cover after-acquired property, it is necessary that such an intent be clearly expressed, and that the property be described so that it may be identified when it comes into existence.

2. **Chattel mortgages** ⬤⟝124—**Cannot be enforced unless clearly intended to cover other property when acquired by mortgagor.**

Unless the parties to a mortgage intend that it shall cover other property when it is acquired by mortgagor, it cannot be enforced, and unless that fact is clearly revealed by the instrument it is void as against creditors and innocent purchasers for value.

3. **Chattel mortgages** ⬤⟝118, 124, 140—**Covering after-acquired property and property not described void except as to described cattle and inferior to purchase-money mortgage if valid.**

A chattel mortgage covering a designated herd and all other cattle and live stock and crops owned or that might be acquired by mortgagor was void as to any cattle except those specifically described therein, and if attaching to cattle afterwards purchased by mortgagor it was subject to the mortgage given to secure the purchase price, since a mortgage given to cover after-acquired property covers such property only in the condition in which it comes into the hands of the mortgagor.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

Action by the Hamilton National Bank against J. C. Harris. Judgment for defendant, and plaintiff appeals. Affirmed.

H. E. Chesley, of Hamilton, for appellant.
A. R. Eidson, of Hamilton, for appellee.

BARCUS, J. On October 31, 1919, Frank Harris, the son of appellee, executed his note for $3,664, payable to appellant, and secured same by a mortgage on 70 head of cattle, being a mixture of cows and steers, together with their increase, giving a definite description thereof by brands and ages, stating that they were located partly in the

---

Sloan pasture and partly on the J. C. Harris ranch in Hamilton county. Said description was written in the blank space left on the printed form used, and after said definite description so written the mortgage contained the following printed provision:

"Also all other cattle, sheep, hogs, horses, or other live stock situated in said county aforesaid now owned or that may be hereafter acquired by said mortgagor until this mortgage is released in full. * * * Also all rents accruing to the mortgagor; also all other crops which I may raise, acquire, cultivate or have cultivated in said county or any other county in Texas; * * * and this lien shall continue and extend to cover the crops of succeeding years until all debts of this mortgage to said bank are fully satisfied."

The note was renewed twice, and each time a renewal mortgage was given covering the cattle originally mortgaged, with some additions, and contained the printed provision as contained in the original mortgage copied above; the last renewal being November 15, 1920. The note was not paid and this suit was brought against J. C. Harris, appellant alleging that appellee J. C. Harris had converted 110 head of the cattle covered by its mortgage.

On November 27, 1920, Frank Harris executed his note for $4,000, payable to the Hamilton Bank & Trust Company, and to secure same gave said bank, a mortgage on about 125 head of cattle, giving a definite description by kinds and brands. Said cattle had been purchased by Frank Harris in Fort Worth on the 25th or 26th day of November with money furnished by the Hamilton Bank & Trust Company and shipped to Hamilton county, and the note and mortgage were given by the time the cattle reached Hamilton county. The cattle were placed on appellee's ranch. Frank Harris sold the cattle to J. C. Harris, who paid the note to the Bank & Trust Company, the amount due thereon being all the cattle were worth.

The cause was tried before the court, and the court filed his findings of fact and conclusions of law. The court found as a fact that at the time Frank Harris executed the mortgages to appellant it was not contemplated that they should cover the cattle purchased by appellee, which were mortgaged to the Bank & Trust Company, and that it was not the intention of the parties for said mortgage to cover or embrace any other cattle except those which were specifically described and written in same. The court found that the cattle purchased by J. C. Harris from Frank Harris were at the time he purchased same mortgaged to the Hamilton Bank & Trust Company, and that appellee paid full value therefor, and purchased them in good faith without any notice of appellant's claim. The trial court held that J. C. Harris was not guilty of conversion,

and that the appellant was not entitled to recover against him.

The main issue is as to whether the blanket provision mentioned in the mortgage above quoted attached to the cattle that Frank Harris purchased in Fort Worth after the last mortgage had been given to the appellant, and, if it attached, was it subordinate to the lien held by the Hamilton Bank & Trust Company.

[1] The question of the validity of chattel mortgages on after-acquired property has been the source of much litigation. In order for a mortgage to cover after-acquired property it is necessary that such an intent be clearly expressed, and that the property be described so that it may be identified when it does come into existence. 11 C. J. p. 461.

In Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, this subject was fully discussed by our Supreme Court. It was held that a mortgage on crop to be raised in 1892 and succeeding years on a certain named farm by the mortgagor was valid. The lien was limited, however, the opinion stating:

"A court of equity will not make a contract or create a lien for the parties, and therefore will not foreclose a lien upon property not in esse or not owned by the grantor at the date of the contract, unless it is clear that at such date the parties thereto anticipated the acquisition by the grantor of the very property upon which the lien is sought to be fixed and foreclosed, and intended that it should be subject thereto."

In McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131, it was held that a mortgage on the entire crops to be raised during the year 1902 on the farm belonging to Mosley in Smith county, or any other land that the mortgagor might cultivate in said county for the year 1902 and all succeeding years, was void as against creditors on all crops except those raised on the Mosley farm, because the language of the mortgage did not disclose any other property in existence which was a proper subject of contract or give any description by which the thing which was in contemplation of the contracting parties could be identified at the time.

In the case of Gwathmey v. Etheridge, 99 N. C. 110, 6 S. E. 411, the Supreme Court of North Carolina, in discussing the same question, laid down the doctrine that a mortgage which gave a lien on crops raised on the Bell land in Halifax county and crops raised "upon any other lands we may cultivate in said county" was inoperative and void for uncertainty, and same would not as against creditors create any mortgage lien on any crops raised except those on the Bell farm.

[2] The rule is well established that, unless it is the intention of the parties to the mortgage that it should cover other property

when it is acquired by the mortgagor, same cannot be enforced; and unless that fact is clearly revealed by the instrument it is void as against creditors and innocent purchasers for value. Watson v. Paddleford (Tex. Civ. App.) 220 S. W. 779, affirmed by the Supreme Court, 110 Tex. 525, 221 S. W. 569; G. H. & H. Ry. Co. v. Hill Mercantile Co., 31 Tex. Civ. App. 196, 71 S. W. 797; 5 R. C. L. 403; Brown v. Bolt, 116 Mich. 52, 74 N. W. 295; Muir v. Blake, 57 Iowa, 662, 11 N. W. 621; Paden v. Bellenger, 87 Ala. 575, 6 South. 351; Redfield v. Montgomery, 71 Miss. 113, 14 South. 199.

[3] The trial court found as a fact, and we think the evidence sustains the finding, that it was not the intention of the parties to embrace the cattle that appellee purchased from Frank Harris. Appellee having paid full value for the cattle, he became the owner of same, free and clear of any lien of appellant, unless it can be said that it was clearly intended that appellant's mortgage did embrace same. We think under the McDavid v. Phillips Case, supra, the mortgage was void as to any cattle except those specifically described by kind and brand. No evidence was offered tending to show that the mortgage was intended to embrace all the stock of every kind and character and all the crops of every kind and character that Frank Harris might become the owner of or raise in Hamilton county during his lifetime or until said debt was paid. The mortgage was not limited in time or place or kind of stock. To give the mortgage that effect would be to hold that Frank Harris intended never to have any cattle or raise any crops within the limits of Hamilton county that would not be subject to said mortgage.

The Hamilton Bank & Trust Company having furnished Frank Harris the purchase money with which to buy the cattle, and he having executed the mortgage to the Bank & Trust Company to secure same, even if appellant's mortgage should attach to said property it would be subject to the mortgage held by the Hamilton Bank & Trust Company; the law being that, where a mortgage is given to cover after-acquired property, it covers such property only in the condition in which it comes into the hands of the mortgagor. It attaches only to such interest as the mortgagor acquires, and if he purchases property and gives a mortgage for the purchase money the bill of sale which he receives and the mortgage which he gives are regarded as one transaction, and the prior mortgage cannot displace such mortgage for the purchase money. 5 R. C. L. 404; New Orleans & O. Ry. Co. v. Mellen, 79 U. S. (12 Wall.) 362, 20 L. Ed. 434; Hammel v. Bank, 129 Mich. 176, 88 N. W. 397, 95 Am. St. Rep. 431.

For the reasons herein stated, the judgment of the trial court is affirmed.